IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-cv-00219-GCM

| | |
|---|---|
| CAMDEN DEVELOPMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> 84 LUMBER COMPANY, L.P., <br><br> Defendant. | **AMENDED ORDER** |

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Amended Pretrial Order and Case Management Plan in this matter.

## I. DISCOVERY

A. **DISCOVERY GUIDELINES:** Discovery shall be proportional to the needs of the case and is limited as follows: Pre-discovery disclosures will be exchanged by **June 30, 2021.** Each party may propound no more than **twenty (20)** interrogatories, including subparts; make no more than **twenty (20)** requests for admission; and take no more than **six (6)** depositions of fact witnesses without prior approval of the Court.

Reports from retained experts under Rule 26(a)(2) will be due:

from Defendant by **May 8, 2023**;

from Plaintiffs by **June 9, 2023.**

The court reserves the right to shift the costs of production of discovery to the party requesting it when the court determines that the request is not proportionate. Whenever a party has an objection to production, the objection must be specific. Production of

documents may be accomplished through production of hard copies instead of electronic data.

B. **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION:** Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

C. **THE MAINTENANCE OF DISCOVERY MATERIALS**: Discovery materials are NOT to be filed. All counsel are advised to consult the local rule which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be served on all parties, they are no longer to be filed unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

D. **VIDEO DEPOSITIONS:** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections, obtaining the Court's assistance if necessary, and edit the video accordingly so that the video may be shown without interruption. Failure to do this *within a reasonable period of time prior to trial* will result in objections being deemed to be waived.

E. **PROTECTIVE ORDERS:** Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the court on the completion of litigation.

A **PROTECTIVE ORDER** is hereby entered providing that privileged documents

inadvertently produced may be "clawed back" by the party that produced them within 14 days of being served with written notice of the inadvertent disclosure by the party who received the document.

F.  **DISCOVERY COMPLETION:** All discovery shall be completed by **July 14, 2023**. Supplementation per Rule 26(e) shall be due within **thirty (30)** days after obtaining applicable information. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

## II. MOTIONS

A.  **MOTIONS DEADLINE**: All motions except motions *in limine* and motions to continue shall be filed by **August 11, 2023**. Parties may not extend this deadline by agreement without approval of the court, and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

B.  **MOTIONS:** When filing motions, counsel must comply with Local Rule 7.1. Any motions for enlargement of time to file a response or reply must be accompanied by a proposed order. The moving party must show consultation with opposing counsel regarding the requested extension and must notify the Court of the views of the opposing

counsel on the request. If a party fails to make the requisite showing, the Court may summarily deny the request for extension.

C. **MOTIONS HEARINGS:** Hearings on motions ordinarily will be conducted only when the Rules require a hearing, or when the court determines that a hearing will assist the court. All motions requiring a hearing will be heard as soon as is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

D. Prior to the filing of any substantive discovery motions; the movant must request a conference with the Court. This conference may be held telephonically or in chambers.

E. **MOTIONS TO COMPEL:** A motion to compel must include a statement by the movant that the parties have conferred in good faith with each other and have exhausted the requirement of a conference with the court in compliance with Subpart D, *supra,* in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

### III. TRIAL

The trial is scheduled for the **December 4, 2023** term and is expected to take **five** (5) days.

### IV. TRIAL PROCEDURES

A. **TRIAL SUBPOENAS:** Counsel must subpoena all witnesses at least ten (10) business days before the trial date. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

B. **COUNSEL'S DUTIES PRIOR TO TRIAL:**

1. At least 30 days before the trial, Counsel for each party shall complete their Pretrial Disclosures pursuant to Rule (26)(a)(3).

2. **DEPOSITION TESTIMONY:** At least **four full weeks** before the first day of the term in which this case has been placed on a published trial calendar, counsel who intends to offer portions of depositions into evidence pursuant to Rule 32 shall serve on opposing counsel such portions of deposition testimony that he or she intends to offer into evidence as well as the basis under Rule 32(a) for the use of such depositions. Within three business days after receipt of the above, opposing counsel shall serve upon designating counsel any objections to the designated portions along with any counter-designations pursuant to Rule 32(a)(4). Any objections to counter-designations must likewise be served three business days after receipt of the counter-designations. At least **two full weeks** prior to the first day of the term, counsel are directed to jointly file with the Court a copy of the designations, counter-designations, and objections thereto for the Court to consider prior to trial.

C. **COUNSEL'S FILINGS BEFORE TRIAL: Four full weeks before the trial,** counsel for each party shall file with the Court:

    (a) A trial brief addressing all questions of law and any anticipated evidentiary issues,

    (b) A joint statement of the issues remaining for trial, if agreed upon by counsel, or if counsel cannot agree upon the issues remaining for trial, each party shall file its own statement of the issues;

    (c) In all non-jury cases, proposed Findings of Fact and Conclusions of Law;

        (d) Proposed jury instructions, as described below; and

        (e) Requested questions for voir dire.

The deadline indicated on the published trial calendar may not be extended for any reason. **Failure to comply with this deadline WILL result in sanctions.** Motions *in limine* shall be filed no later than three (3) weeks before the first day of the term in which the case has been placed on a published trial calendar. Responses to motions *in limine* shall be filed within five (5) business days of receipt of the motions *in limine*.

D.    **PROPOSED JURY INSTRUCTIONS:** If a jury trial has been requested, all counsel shall file proposed jury instructions **four full weeks before the trial**. Additional instructions may be filed during the trial as circumstances may require. Counsel should number each proposed instruction and shall file each proposed instruction on a separate page. Each proposed instruction should contain a supporting citation(s) as a footnote.

E.    **JURY VOIR DIRE:** The Court, after consideration of the requests for voir dire filed by counsel in compliance with Paragraph C above, shall conduct jury voir dire. Counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

F.    **SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING:** If any party fails to comply timely with any provision of Paragraphs B, C and D above, the Court will impose such sanctions as the Court deems appropriate within the Court's power to do so.

G.    **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL:** No later than the morning of the first day of trial, counsel for each party shall file:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and

(d) An exhibit list.

Four (4) courtesy copies of the above are to be provided to the courtroom deputy.

H. **EXHIBITS:** Parties are expected to use presentation technology available in the courtroom to display evidence to the jury in accordance with Local Rule 79.1(a). Parties are expected to have a physical copy of depositions with designations and counter designations available to read to a jury, with exhibits in electronic format so that deposition testimony may proceed without interruption.

I. **FORMAT FOR EXHIBIT LIST:** In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

Exhibit #   Description   Identified by   Admitted

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files.

J. **ASSESSMENT OF JURY COSTS:** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all

jurors' costs, including Marshal's fees, mileage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## V. ADR

The method of ADR to be utilized is mediation, to be conducted after discovery is commenced. **Mediation has been conducted by the parties without success**.

## VI. SANCTIONS

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions.

**IT IS SO ORDERED**.

Signed: June 21, 2023

Graham C. Mullen
United States District Judge